# Exhibit B

**Response in Opposition to Motion to Disqualify**

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| BRIAN P. MANOOKIAN, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 20-0833-I |
| BOARD OF PROFESSIONAL RESPONSIBILITY, | ) ) ) ) |
| Respondent. | ) ) |

### RESPONSE IN OPPOSITION TO MOTION TO DISQUALIFY

The Board of Professional Responsibility ("the Board"), by and through counsel, opposes the Petitioner's request to appoint Special Disciplinary Counsel to handle the balance of this case going forward. Petitioner's motion seeks to disqualify Mr. Morgan from further participation in this disciplinary action based upon documents Petitioner attached as exhibits to his motion. Petitioner further requests this Court disqualify all Disciplinary Counsel and order the appointment of a Special Disciplinary Counsel to represent the Board in this disciplinary appeal. For purposes of responding to the motion, the Board does not contest the genuineness of the documents attached as exhibits A and B to the Motion to Disqualify.

#### Counsel Of Record In This Disciplinary Appeal

Mr. Morgan made his first appearance in this disciplinary appeal at the telephonic status conference held September 23, 2020, to set the argument on the motion to stay. Russell Willis also appeared at the September 23, 2020 conference call as attorney for the Board. Prior to this initial appearance by Mr. Morgan, the Board was solely represented in this appeal by Russell Willis. Mr. Manookian filed his Petition for Review on August 21, 2020, and served the Petition on Russell

Willis. Thereafter, Mr. Horwitz filed a Notice of Appearance of Counsel on September 17, 2020, and served the same on Russell Willis as "Counsel for Board of Professional Responsibility." On September 22, 2020, Petitioner filed a Motion to Stay Appellate Proceeding and served the same on Russell Willis as "Counsel for Board of Professional Responsibility." The September 25, 2020 Order Setting Hearing Date on Petitioner's Motion to Stay was served upon Russell Willis and Jerry Morgan as "Attorneys for Respondent." On November 23, 2020, Mr. Morgan and Mr. Willis appeared as counsel of record and participated in the argument on the Motion to Stay. On December 1, 2020, the Order Denying Petitioner's Motion to Stay was entered and served upon Russell Willis and Jerry Morgan as "Attorneys for Respondent." In none of the above appearances or pleadings did Mr. Manookian raise any issue with or objection to the participation of Russell Willis as attorney for the Board.

On December 3, 2020, undersigned Disciplinary Counsel filed a Motion to allow Mr. Morgan to withdraw as co-counsel, and, in response thereto, Mr. Manookian objected to the characterization of Mr. Morgan as co-counsel and asserted that undersigned Disciplinary Counsel never entered an appearance in this disciplinary matter. Mr. Manookian simply ignores the numerous appearances of Disciplinary Counsel and pleadings filed by Mr. Manookian acknowledging Russell Willis as counsel of record for the Board in this disciplinary appeal. Mr. Manookian's present objection is meritless as well as untimely.

### Request to Disqualify Mr. Morgan is Moot

Not only does the Motion to allow Mr. Morgan to withdraw filed by the Board effectively provide the relief requested by Mr. Manookian, the issue of disqualification is moot as Mr. Morgan

2

is no longer employed by the Board. Accordingly, this Court need not address that portion of the motion specific to Mr. Morgan's disqualification.

## Request to Order the Appointment of Special Disciplinary Counsel

Mr. Manookian is requesting this Court to exercise its discretion and disqualify all Disciplinary Counsel employed by the Board of Professional Responsibility and appoint Special Disciplinary Counsel to represent the Board in this disciplinary appeal. Mr. Manookian asserts that Tenn. Sup. Ct. R. 9, § 16.3(a) provides for the "appointment of "Special Disciplinary Counsel" in cases of misconduct by Disciplinary Counsel." Mr. Manookian's request should be denied for several reasons.

First, Mr. Manookian has neither alleged nor produced any statement, pleading or conduct by undersigned Disciplinary Counsel, or any counsel employed by the Board, demonstrating or suggesting this disciplinary action has been influenced by bigotry, race, religion or other arbitrary classification. There is simply no evidence before this Court to support the disqualification of undersigned Disciplinary Counsel from the representation of the Board in this disciplinary appeal. Disqualification of one's counsel is a drastic remedy and is ordinarily unjustifiable based solely upon an appearance of impropriety. *Clinard v. Blackwood*, 46 S.W.3d 177, 187 (Tenn. 2001). Undersigned Disciplinary Counsel was the primary attorney in the trial of this particular disciplinary action and is intimately familiar with the facts and evidence in this disciplinary action. Counsel has remained of record during the appeal and has actively participated in the preparation and presentation of the Board's disciplinary case at every level including this appeal. It would work a significant hardship on the Board should counsel be disqualified.

3

Second, contrary to Mr. Manookian's assertion, Tenn. Sup. Ct. R. 9, §16.3 does not provide for the appointment of Special Disciplinary Counsel in this matter. Rule 9, § 16.3 directs the appointment of a Special Disciplinary Counsel to investigate complaints made against <u>attorney members</u> of the Board of Professional Responsibility (emphasis added). In the present matter, there is no allegation directed toward any attorney member of the Board of Professional Responsibility. Complaints against Disciplinary Counsel are addressed under Rule 9, §16.1 and are directed to the Board of Professional Responsibility for investigation by a member of the Board appointed by the Chair. The Board may request the Supreme Court appoint a Special Disciplinary Counsel to conduct the investigation. Accordingly, the appointment of a Special Disciplinary Counsel is neither warranted by the present facts and circumstances nor provided for by Rule 9, §16 as requested by Mr. Manookian.

Third, this Court should decline to exercise its discretion to disqualify undersigned Disciplinary Counsel. The Supreme Court holds a special obligation to ensure proper application of its rules and administration of the legal profession and closely scrutinizes a trial court's disqualification of an attorney or that attorney's firm for an abuse of discretion arising from improper interpretation or application of its rules. *Clinard v. Blackwood*, 46 S.W.3d 177, 182 (Tenn. 2001). The Tennessee Supreme Court has specifically appointed the Board of Professional Responsibility to exercise the powers conferred upon it by Tenn. Sup. Ct. Rule 9, including the filing of formal charges against attorneys for misconduct. See Tenn. Sup. Ct. R. 9, § 4.5. Under the facts and circumstances presented, there is no basis to disqualify undersigned Disciplinary Counsel from the representation of the Board in the exercise of those powers conferred to it by the Supreme Court.

## CONCLUSION

Based upon the forgoing, the Board requests this Court find the issue of disqualification of Mr. Morgan is moot or, in the alternative, grant the Motion to withdraw filed by the Board. Further, the Board requests the Court deny Mr. Manookian's motion to appoint Special Disciplinary Counsel pursuant to Tenn. Sup. Ct. R. 9, § 16.3.

Respectfully Submitted,

*/s/ A. Russell Willis*
A. Russell Willis, BPR #011191
Deputy Chief Disciplinary Counsel
Board of Professional Responsibility
10 Cadillac Drive, Suite 220
Brentwood, Tennessee 37027
(615) 361-7500

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December 2020, a true and correct copy of the foregoing was served via the Court's electronic filing system and/or via First Class U.S. Mail, postage prepaid, to the following:

Daniel Horwitz, Esq.
Counsel for Brian Manookian
4016 Westlawn Dr.
Nashville, TN 37209

*/s/ A. Russell Willis*
A. Russell Willis