# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **GERALD DEAN MORGAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:21-cv-00274 |
| | ) | |
| | ) | **Judge Waverly D. Crenshaw, Jr.** |
| | ) | |
| v. | ) | **Magistrate Judge Chip Frensley** |
| | ) | |
| **BOARD OF PROFESSIONAL** | ) | |
| **RESPONSIBILITY OF THE** | ) | |
| **SUPREME COURT OF TENNESSEE,** | ) | |
| and **SANDRA GARRETT, in her** | ) | |
| **individual capacity,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants Board of Professional Responsibility of the Supreme Court of Tennessee (the "Board") and Chief Disciplinary Counsel Sandra Garrett, in her individual capacity, hereby submit this Memorandum of Law in Support of Motion to Dismiss the claim filed by Plaintiff Gerald Dean Morgan. The Complaint should be dismissed as to the Defendants for lack of subject matter jurisdiction and failure to state a claim, in accordance with Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the reasons set forth below, this Court lacks subject matter jurisdiction based on Defendant Board's Eleventh Amendment immunity. Likewise Sandra Garrett in her individual capacity is immune on the grounds of absolute quasi-judicial immunity and qualified immunity. Plaintiff further fails to state a claim for injunctive relief against Sandra Garrett in her individual capacity.

## RELEVANT MATERIAL FACTS AS PLED

Plaintiff Gerald Dean Morgan has filed this lawsuit for an alleged civil rights violation under 42 U.S.C. § 1983 alleging retaliation for the exercise of his First Amendment constitutional rights. A brief summary of the relevant material facts as pled for the purposes of this motion to dismiss are as follows:

1. Plaintiff served as a Disciplinary Counsel for the Board. Complaint, ¶ 3.

2. In the performance of his duties and responsibilities as Disciplinary Counsel, Plaintiff represented the Board in an appeal to Davidson County Chancery Court by attorney Brian Manookian. *Id.*, ¶¶ 9-12.

3. On November 24, 2020, attorney Brian Manookian, through counsel, filed a "Motion to Disqualify" Plaintiff in the disciplinary appeal proceeding, claiming Plaintiff to be "an anti-Muslim bigot." The Motion to Disqualify quoted and attached numerous "anti-Muslim" and other derogatory Twitter posts authored by Plaintiff. *Id.*, ¶¶ 13-15.[1]

4. On December 3, 2020, the Board filed a motion in Davidson County Chancery Court to allow Plaintiff to withdraw as Board co-counsel in the Manookian disciplinary appeal proceeding. *Id.*, ¶ 23, Ex. B.

5. On December 11, 2020, Defendant Garrett participated in a telephone call with Plaintiff; General Counsel for the Administrative Office of the Court Rachel Harmon; and Stephanie Holliday, Human Resources Manager for the Administrative Office of the Courts.

---

[1] The Motion to Disqualify is referenced throughout Plaintiff's Complaint but was not attached. A true and correct copy of the "Motion to Disqualify" is attached to this memorandum as EXHIBIT 1. EXHIBIT 1 is a public court record in the case styled *Brian P. Manookian v. Board of Professional Responsibility of the State of Tennessee*, Docket No. 20-0833-I, Chancery Court of Davidson County, Tennessee, Petitioner's Motion to Disqualify Disciplinary Counsel for Being an Anti-Muslim Bigot, filed November 24, 2020 (hereinafter "Motion to Disqualify").

Plaintiff was informed of the reason for his employment separation from the Board and given the opportunity to resign. That same day, Plaintiff signed and returned the memorandum and elected to resign from his position. *Id.*, ¶ 20, Ex. A. [2]

6. On March 1, 2021, Defendant Garrett sent a letter to Plaintiff notifying him of the complaint of misconduct filed against him as Disciplinary Counsel under Tenn. Sup. Ct. R. 9, § 16.1. The letter attached a copy of the Motion to Disqualify. The Board opened Disciplinary file No. 66789-6-ZZ A against Plaintiff on the basis of the Motion to Disqualify. *Id.*, ¶¶ 30-34, Ex. C.

7. After the completion of the investigation, the Board dismissed the matter and informed Plaintiff of the dismissal. *Id.*, ¶ 35.

## STANDARD OF REVIEW

Federal courts are "courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's constitutional or statutory power to hear the case before it. Fed. R. Civ. P. 12(b)(1); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851 (W.D. Ky. 2007). Such a challenge can come in two forms. A facial attack accepts the material allegations of the complaint as true but insists nonetheless that the court lacks subject matter jurisdiction to hear the case. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). A factual attack claims that the court lacks subject matter jurisdiction irrespective of what the plaintiff has pleaded, and requires the trial court to weigh the evidence before it in determining whether that is the case. *Id.* "A state's assertion of sovereign immunity constitutes a factual attack." *Hornberger v. Tennessee*, 782 F. Supp. 2d 561, 564 (M.D.

---

[2] Plaintiff did not attach the signed copy of Exhibit A to the Complaint in which he elected to resign. A true and correct copy of the signed version of Exhibit A is attached as Exhibit 2 to the memorandum.

3

Tenn. 2011). In response to such an attack, the plaintiff bears the burden of establishing the existence of subject matter jurisdiction. *DLX, Inc.*, 381 F.3d at 516. In ruling on a factual attack, the trial court may rely on materials outside the pleadings without converting the 12(b)(1) motion into one for summary judgment. *Cline v. United States*, 13 F. Supp. 3d 868, 871 (M.D. Tenn. 2014).

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to Defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn*., 528 F.3d 426, 430 (6th Cir. 2008); *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (on a motion to dismiss the Court may consider documents referenced in a plaintiff's complaint that are central to plaintiff's claims, matters of which a court may take judicial notice, documents that are a matter of public record, and letters that constitute decisions of a government agency).

**ARGUMENT**

**I.    ELEVENTH AMENDMENT SOVEREIGN IMMUNITY BARS ALL CLAIMS AGAINST THE BOARD.**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The law is well settled that, in the absence of express state consent or express congressional abrogation by a federal statute, the Eleventh Amendment bars actions in federal court against a state. *Heifner v. Univ. of Tenn.*, 914 F. Supp. 1513, 1515 (E.D. Tenn. 1995). The State of Tennessee has not waived its Eleventh Amendment immunity and cannot be sued in civil rights suits, even for injunctive relief. Tenn. Code Ann. § 20-13-102(a); *Sallee v. Board of Professional Responsibility of the Supreme Court*, No. 3:15–CV–5, 2015 WL 2374230, at *6 (E.D. Tenn. May 18, 2015).

The Board is an arm of the state and an agent of the Tennessee Supreme Court. *See Doe v. Bd. of Prof'l Responsibility*, 104 S.W.3d 465, 470 (Tenn. 2003); *Sallee*, 2015 WL 2374230, at *6 ("The TBPR is a board created by and under the supervision of the Tennessee Supreme Court which is unquestionably an arm of the state."). Neither a state nor its officials acting in their official capacities are "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65–66 (1989). Accordingly, Eleventh Amendment sovereign immunity bars Plaintiff's claims against the Board, and the Court should dismiss Plaintiff's claims against the Board without prejudice for lack of jurisdiction. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) ("Dismissals for lack of jurisdiction based in Eleventh Amendment immunity should be made without prejudice.").

5

## II. ALL CLAIMS AGAINST DEFENDANT GARRETT IN HER INDIVIDUAL CAPACITY SHOULD BE DISMISSED.

### A. Absolute Quasi-Judicial Immunity Bars the Damages Claim Against Defendant Garrett in Her Individual Capacity.

Defendant Garrett as Chief Disciplinary Counsel is absolutely immune to suits for damages under the doctrine of quasi-judicial immunity. Judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's official capacity, unless they were taken in the complete absence of jurisdiction. *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). "[S]uch immunity has also been extended to non-judicial officers performing 'quasi-judicial' duties." *Quatkemeyer v. Kentucky Bd. of Med. Licensure*, 506 F. App'x 342, 345 (6th Cir. 2012). "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush*, 38 F.3d at 847. Quasi-judicial immunity has been extended to members of professional licensing or disciplinary boards that perform investigatory, prosecutorial, or judicial functions. *See Moncier v. Jones*, 557 F. App'x 407, 409 (6th Cir. 2014) (holding that Chief Disciplinary Counsel for the Board was entitled to quasi-judicial immunity); *Quatkemeyer*, 506 F. App'x at 345-49 (members of the Board of Medical Licensure, an agency of the state, were entitled to quasi-judicial immunity); *Watts v. Burkart*, 978 F.2d 269, 276 (6th Cir. 1992) (members of state medical licensing board were entitled to absolute immunity).[3]

---

[3] Tenn. Sup. Ct. R. 9, § 27 codifies the absolute quasi-judicial immunity provided to Disciplinary Counsel in the State of Tennessee and specifically provides that "[m]embers of the board, district committee members, *Disciplinary Counsel* and staff shall be immune from civil suit for any conduct in the course of their official duties." (emphasis added). *See, e.g.*, *Moncier v. Jones*, No. 12C502, 2012 WL 8944721, at *1 (Tenn. Cir. Ct. June 12, 2012) ("In granting the Motion to Dismiss, the Court finds that the Defendant Ms. Jones is entitled to absolute immunity from civil suit pursuant to Tenn. Sup. Ct. R. 9, § 27.1 for conduct with the course of her official duties and that the conduct of the Defendant Ms. Jones alleged in Plaintiff's Amended Complaint and Second Amended Complaint is within the course of her official duties and not otherwise outside the scope

6

In *Moncier v. Jones*, the Sixth Circuit affirmed the dismissal of claims for damages against the Chief Disciplinary Counsel of the Board, after a plaintiff alleged violation of his civil rights stemming from conduct that occurred when the defendant was performing her official role as Chief Disciplinary Counsel. 557 F. App'x at 409. Likewise, in *Manookian v. Flippin*, No. 3:19-CV-00350, 2020 WL 978638, at *4–5 (M.D. Tenn. Feb. 28, 2020), *appeal dismissed*, No. 20-5979, 2021 WL 688841 (6th Cir. Jan. 5, 2021), the court found that Board members were entitled to quasi-judicial immunity with respect to conduct alleged to have violated Defendant's civil rights because that conduct fell squarely within their duties and obligations delegated by the Tennessee Supreme Court. *See* Tenn. R. App. P. 9, § 4.

The same conclusion is warranted here. At all times relevant to the Complaint, Defendant Garrett acted within the course and scope of her delegated duties and responsibilities as Chief Disciplinary Counsel for the Board. Any actions she took with respect to Plaintiff, including but not limited to his separation of employment and the opening of a disciplinary matter against him, were intimately associated with or related to the Motion to Disqualify filed against Plaintiff in a pending disciplinary appeal proceeding involving another attorney and/or complaints asserted against Plaintiff in his position as Disciplinary Counsel in Board disciplinary proceedings. Complaint, ¶¶ 5, 13-16, 29, 31, Exs. A-C.

Accordingly, Defendant Garrett is entitled to absolute quasi-judicial immunity from Plaintiff's claims for damages against her personally.

---

of her employment as Chief Disciplinary Counsel for the Board of Professional Responsibility.").

### B. Qualified Immunity Bars the Damages Claim Against Defendant Garrett in Her Individual Capacity.

Qualified immunity offers "complete protection for government officials sued in their individual capacities as long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Thomas v. Roberts*, 261 F.3d 1160, 1170 (11th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, *see Anderson v. Creighton*, 483 U.S. 635, 638 (1987), protecting from suit "all but the plainly incompetent or one who is knowingly violating the federal law." *Occupy Nashville v. Haslam*, 769 F.3d 434, 441-42 (6th Cir. 2014) (quoting *Stanton v. Sims*, 571 U.S. 3, 6 (2013)); *Manzini v. The Florida Bar*, 511 Fed. Appx. 978, 981-83 (11th Cir. 2013). Because qualified immunity is a defense not only from liability but also from suit, it is "important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible." *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1370 (11th Cir. 1998) (citation omitted); *Lee v. Ferraro*, 284 F.3d 1188, 1193–94 (11th Cir. 2002).

To establish a claim for First Amendment retaliation, a public employee must show that: (1) he engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; [and] (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by his protected conduct. *Gillis v. Miller*, 845 F.3d 677, 684 (6th Cir. 2017).

To determine whether the discharge of a public employee violates the First Amendment, the court must apply the two-step analysis laid out in *Connick v. Myers. Dambrot v. Cent. Michigan Univ.*, 55 F.3d 1177, 1186 (6th Cir. 1995) (citing *Connick v. Myers*, 461 U.S. 138, 140 (1983)).

8

First, the court must determine whether the statement in question constitutes speech on a matter of public concern. *Id.* Then, if it does, the court applies the *Pickering* balancing test to determine whether the Plaintiff's "interest in commenting upon matters of public concern ... outweigh[s] the interest of [the Board], as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering v. Board of Education*, 391 U.S. 563, 568 (1968); *Leary v. Daeschner*, 228 F.3d 729, 737 (6th Cir. 2000). These two steps are sub-elements of the first element of the First Amendment retaliation framework.

Assuming for purposes of this motion only that Plaintiff's "anti-Muslim" and other derogatory social media posts were speech on a matter of public concern, the *Pickering* test would apply. The test considers "the manner, time, and place of the employee's expression." *Rankin v. McPherson*, 483 U.S. 378, 388 (1987). The "pertinent considerations" for the balancing test are "whether the statement [(a)] impairs discipline by superiors or harmony among co-workers, [(b)] has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, [(c)] impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise," *id.*, or (d) undermines the mission of the employer. *Rodgers v. Banks*, 344 F.3d 587, 602 (6th Cir. 2003) (citing *Williams v. Kentucky*, 24 F.3d 1526, 1536 (6th Cir. 1994)). The consideration of the employee's performance, impaired discipline by superiors, harmony among co-workers, and undermining of the office's mission is "focuse[d] on the effective functioning of the public employer's enterprise." *Rankin*, 483 U.S. at 388 (avoiding interference with the functioning of the government office "can be a strong state interest").

Under a *Pickering* balancing test, Defendant Garrett could properly determine that Plaintiff's First Amendment right as a public employee to make "anti-Muslim" and other derogatory statements on Twitter was outweighed by the Board's mission; the nature of Plaintiff's

9

position as a position of public trust; and the Board's ability to effectively serve the public. Disciplinary counsel in the State of Tennessee have a duty to protect the public by investigating and prosecuting disciplinary proceedings without discrimination or bias. Given the nature of Plaintiff's important position in handling disciplinary hearing appeals, he was in many circumstances the face of the Board before the Tennessee Supreme Court and in the public. Plaintiff's speech adversely impacted his ability to successfully perform his job duties as Disciplinary Counsel, requiring his withdrawal from a pending disciplinary appeal proceeding and potentially other disciplinary proceedings in which he was representing the Board. Complaint, ¶¶ 20-22, Ex. A. Under these circumstances, Defendant Garrett did not violate clearly established constitutional rights of Plaintiff but made good faith decisions squarely within United States Supreme Court and Sixth Circuit Court of Appeals precedent. *See, e.g.*, *Bennett v. Metro. Gov't of Nashville & Davidson Cty., Tennessee*, 977 F.3d 530 (6th Cir. 2020).

Plaintiff's damages claim against Defendant Garrett in her individual capacity should be dismissed on the ground of qualified immunity.

### C. Plaintiff Has Failed to State a Claim for Injunctive Relief Against Defendant Garrett in Her Individual Capacity.

In addition to damages, Plaintiff seeks injunctive relief against Defendant Garrett in her individual capacity.[4] Specifically, Plaintiff seeks to enjoin Defendant Garrett from opening or prosecuting any disciplinary proceeding against him and to expunge references to any disciplinary proceeding and/or his termination. Complaint, pp. 9-10. The injunctive relief sought by Plaintiff in the Complaint could only be done by Defendant Garrett acting in her official capacity as Chief Disciplinary Counsel of the Board, not as an individual. *Hatfill v. Gonzales*, 519 F. Supp. 2d 13,

---

[4] To the extent that Plaintiff seeks injunctive relief against the Board as an entity, such relief is barred by Eleventh Amendment sovereign immunity. *See* Section I above.

10

26–27 (D.D.C. 2007) ("Despite Dr. Hatfill's attempt to obtain injunctive relief from the individual defendants for the deprivation of his liberty interests protected by the Fifth Amendment, he simply cannot seek that redress from the individual defendants in their personal capacities. Rather, the relief Dr. Hatfill seeks can only be provided by the government through government employees acting in their official capacities because deprivation of a constitutional right can only be remedied by the government."). Because Defendant Garrett was only sued for injunctive relief in her individual capacity, such relief cannot be granted and fails to state a claim.

Plaintiff's request for injunctive relief is also moot. Plaintiff admits that the disciplinary proceeding against him has been dismissed. Complaint, ¶ 35. As a result, there is no disciplinary proceeding to be enjoined. *Moncier*, 557 F. App'x at 410. Furthermore, to the extent that Plaintiff seeks injunctive relief against Defendant Garrett as to a <u>dismissed</u> and concluded disciplinary proceeding against him, federal district courts have no appellate jurisdiction, and the *Rooker/Feldman* doctrine bars this court's review of any disciplinary proceedings that have concluded. *See Moncier v. Jones*, No. 3:11-CV-301, 2012 WL 262984, at *3 (E.D. Tenn. Jan. 30, 2012); 28 U.S.C. § 1257. Finally, Plaintiff admittedly elected to resign from his position as Disciplinary Counsel. Complaint, ¶ 20, Ex. A; Exhibit B to Defendants' Memorandum (signed copy). Any injunctive relief to "expunge" a termination is therefore moot because his employment records already reflect a resignation.

For the foregoing reasons, Defendants requests that their motion to dismiss be granted and that Plaintiff's claim against the Defendant be dismissed in its entirety, and such other relief to which Defendants may be entitled.

Respectfully submitted,

**HERBERT H. SLATERY III
ATTORNEY GENERAL AND REPORTER**

/s/ David M. Rudolph
David M. Rudolph, BPR #13402
Assistant Attorney General
Office of the Attorney General and Reporter
40 South Main Street, Suite 1014
Memphis, TN 38103-1877
Phone: (901) 543-4162
Email: David.Rudolph@ag.tn.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's ECF system to:

W. Gary Blackburn, Esq.
Bryant Kroll, Esq.
THE BLACKBURN FIRM, PLLC
213 Rep John Lewis Way, Suite 300
Nashville, TN 37219
gblackburn@wgaryblackburn.com
bkroll@wgaryblackburn.com
*Attorneys for Plaintiff*

/s/ David M. Rudolph
David M. Rudolph
Assistant Attorney General